UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20339-CIV-ALTMAN

DANIEL DUMOND,

 *Plaintiff*,

v.

WILLIAM CARRINGTON, *et al.*,

 *Defendants*.

_____/

## ORDER

Our Plaintiff, Daniel Dumond, is incarcerated. He's filed several other lawsuits (now consolidated) under 42 U.S.C. § 1983 in connection with his arrest and imprisonment.[1] In *this* action, however, Dumond has sued his former landlords (William Carrington and Mc. Elliot Arthur)—private citizens with no apparent connection to the federal or state government—to recover a $1,200 deposit that (he claims) they owe him under an oral lease. Because Dumond has moved to proceed *in forma pauperis* [ECF No. 5], we've screened his Amended Complaint [ECF No. 4] (the "Amended Complaint") under the provisions of 28 U.S.C. § 1915(e). As a result of that screening, we've determined that the Amended Complaint must be **DISMISSED**.

## THE FACTS

On January 31, 2022, Dumond filed his original complaint [ECF No. 1] and his first motion to proceed *in forma pauperis* [ECF No. 3]. On February 23, 2022, he filed a second motion to proceed *in forma pauperis* and submitted his Amended Complaint. *See generally* Docket. In drafting his Amended Complaint, Dumond used the *pro se* form complaint for actions brought under § 1983. *See generally*

---

[1] *See Dumond v. Rodriguez, et al.*, No. 22-cv-20561-RKA (S.D. Fla. filed Feb. 23, 2022).

Amended Complaint. But, for a few reasons, the Amended Complaint doesn't resemble a § 1983 action. *First*, the Defendants Dumond has sued are private "Landlords" who reside at 1756 N.W. 85th Street, Miami, Florida 33147; they aren't state actors. *See id.* at 2–3. *Second*, Dumond left completely blank the section of the form complaint that addresses the question of subject-matter jurisdiction under § 1983. *See id.* at 3–4 ("Basis for Jurisdiction"). *Third*, in his "Statement of Claim," Dumond hasn't claimed *any* violation of his constitutional rights. Instead, he says that he's suing his former landlords for a lease deposit. Indeed, he alleges that, before his arrest and incarceration: (1) he "was living at 1756 N.W. 85th Street, Miami FL 33147 on a one (1) year verbal lease agreement with the landlord William Carrington"; (2) he "decided that [he] wanted to move out [because of threats another tenant made against his life] and [he] spoke to William Carrington and [Carrington] agreed that he will refund [Dumond his] $1,200.00 deposit so [Dumond] can move out"; and (3) "[a]s soon as [Dumond] got arrested on 9/21/2020 things change[d] completely. [Carrington] refuse[d] to answer [Dumond's] calls . . . . [Dumond] just want [his] $1,200.00 deposit which [Carrington] agreed upon." *Id.* at 5. And, in describing the relief he's seeking here, Dumond asks the Court to "[t]o pay me my $1,200 deposit money which [Carrington] agreed to repay me back when [ ] my lease was not up." *Id.* at 6.

## THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915). "A court must accept a plaintiff's well-pled facts as true and make reasonable inferences in her favor, but the court is not required to

accept the plaintiff's legal conclusions or draw her inferences." *Selensky v. Whiddon*, 376 F. App'x 887, 888 (11th Cir. 2010) (per curiam) (cleaned up). "Although the Court must liberally construe *pro se* pleadings, '*pro se* litigants are nonetheless required to conform their pleadings to procedural rules.'" *Williams v. Edwards*, 2021 WL 1700038, at *2 (S.D. Fla. Apr. 29, 2021) (Bloom, J.) (quoting *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015)).

A plaintiff, moreover, "must affirmatively set forth the basis for the court's subject-matter jurisdiction in her complaint." *Selensky*, 376 F. App'x at 888 (cleaned up); *see also* FED. R. CIV. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]"). And, "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (cleaned up).

## ANALYSIS

Dumond hasn't shown that we can exercise subject-matter jurisdiction over this case. To the contrary, although he's used the form complaint we provide for § 1983 claims, a closer look at his Amended Complaint reveals that he's suing *private* citizens for the return of a $1,200 rental deposit he paid pursuant to an oral lease.

"Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (cleaned up). "Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question. If jurisdiction is based on either of these, the pleader must affirmatively allege facts

demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" *Id.* (quoting FED. R. CIV. P. 8(a)).

"Under the federal question jurisdiction statute, 28 U.S.C. § 1331, a district court has subject matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Smith*, 236 F.3d at 1310 (quoting 28 U.S.C. § 1331). "Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, 'which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). In other words, "[f]ederal question jurisdiction exists only when the 'well-pleaded complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1472 (11th Cir. 1997) (quoting *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

The Amended Complaint doesn't arise under federal law. Although Dumond filed his Amended Complaint on our District's form for § 1983 claims, we don't think he's actually bringing a § 1983 claim for three reasons. *First*, other than using that form, Dumond never so much as references a § 1983 claim. *See generally* Amended Complaint. *Second*, and tellingly, Dumond skipped over the form's "Basis for Jurisdiction" section and left it blank. Indeed, when asked to specify whether he's suing "Federal officials (a *Bivens* claim)" or "State or local officials (a § 1983 claim)," Dumond selected neither. *Id.* at 4. And, when asked to list any "federal constitutional or statutory rights [that he claims] are being violated by state or local officials," Dumond didn't write anything. *Id. Third*, his allegations simply don't resemble a § 1983 claim. So, for example, he doesn't allege that the Defendants acted "under color of state law"; he refers to them, instead, only as "Landlord[s]" and suggests that they acted for their own business reasons. *Id.* at 2–3. Nor does he claim that he's suffered any deprivation

4

of a constitutional right; he simply maintains that the Defendants failed to repay him a $1,200 rental deposit. *See id.* at 5 ("Landlord refuse to refund my $1,200.00 deposit which we verbally made due to the fact i no longer was feeling safe in the property[.]" (errors in original)); *id.* at 6 ("I spoke to William Carrington and he agreed that he will refund me my $1,200.00 deposit so I can move out."); *id.* at 7 ("[P]ay me my $1,200 deposit money[.]").[2] We thus cannot say that § 1983 "creates [Dumond's] cause of action or that [Dumond's] right to relief necessarily depends on resolution of a substantial question of federal law." *Baltin*, 128 F.3d at 1472.

Unsurprisingly, the Eleventh Circuit routinely affirms dismissals of state-law, landlord-tenant claims that plaintiffs have disguised as § 1983 claims. *See, e.g., Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238 (11th Cir. 2009) (affirming the dismissal of a *pro se* tenant's action against her landlord, in which she alleged personal injury and property damage because she "does not allege any 'federal question' that would give the district court jurisdiction to decide her complaint"); *Douse v. Metro Storage, LLC*, 770 F. App'x 550, 551 (11th Cir. 2019) ("Further, Douse's claims predominantly involve Georgia contract, negligence, and landlord/tenant law, as demonstrated by his numerous references to those areas of law in his complaint, and his brief, passing references to his federal claims demonstrate that they are immaterial and made for the purpose of obtaining jurisdiction in federal court."). Dumond's claims thus do not "arise under" federal law. 28 U.S.C. § 1331.

Dumond also never tried to invoke our diversity jurisdiction. To establish diversity jurisdiction, a plaintiff must show (1) that the amount "in controversy exceeds the sum or value of $75,000, exclusive of interests and costs"; and (2) that the parties are "citizens of different States." 28 U.S.C. § 1332(a). "Diversity jurisdiction under § 1332 requires *complete* diversity—that is, every plaintiff must be diverse from every defendant." *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710

---

[2] Dumond also (vaguely) alleges that he suffered "mental and emotion injuries which made [my] anxiety very bad [and] mental and emotional depression." Amended Complaint at 7 (errors in original).

F.3d 1221, 1224 (11th Cir. 2013) (cleaned up). "When invoking federal jurisdiction based on diversity, a plaintiff must allege facts showing diversity exists by 'includ[ing] the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant.'" *McConico v. Cochran Firm*, 581 F. App'x 838, 838 (11th Cir. 2014) (quoting *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013)). "For purposes of diversity jurisdiction, citizenship is equivalent to domicile, and domicile is the place of a party's true, fixed, and permanent home." *Horn v. Est. of Camacho*, 817 F. App'x 872, 875 (11th Cir. 2020) (cleaned up). "Residence alone is not enough." *Travaglio*, 755 F.3d 1266 (quoting *Denny v. Pironi*, 141 U.S. 121, 123 (1891)). Prisoners retain the domiciles they had before their incarceration. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002) (cleaned up).

As the Amended Complaint makes clear, the amount in controversy in this case is much less than $75,000, and the parties aren't completely diverse. Dumond repeatedly alleges that the rental deposit at issue was just $1,200. *See* Amended Complaint at 5 ("Landlord refuse to refund my $1,200.00 deposit which we verbally made due to the fact i no longer was feeling safe in the property[.]" (errors in original)); *id.* at 6 ("I spoke to William Carrington and he agreed that he will refund me my $1,200.00 deposit so I can move out."); *id.* at 7 ("[P]ay me my $1,200 deposit money[.]"). And, while Dumond does refer to some "mental and emotional injuries," *see id.* at 7, he doesn't provide any factual allegations about those injuries or explain how they might bring the amount in controversy over the $75,000 threshold. He's thus failed to satisfy the amount-in-controversy requirement. *See Williams*, 2021 WL 1700038, at *2 (holding that a *pro se* plaintiff failed to satisfy the amount-in-controversy requirement because he sought only $5,900).

Dumond similarly fails to show that the parties are completely diverse. On this point, he says only that Carrington and Arthur both reside at the same address where he lived before his incarceration—1756 N.W. 85th Street, Miami, FL 33147. *See* Amended Complaint at 2–3; *id.* at 6

6

("[P]rior to my incarceration on September 21st, 2020, I was living at 1756 N.W. 85th Street Miami, FL 33147 on a one (1) year verbal lease agreement with the landlord William Carrington."). These allegations fall short for two reasons. *First*, they tell us nothing about the parties' *citizenship*. *See Taylor*, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). *Second*, at most, the allegations tend to suggest only that he and the Defendants are citizens of Florida—which, if true, would mean that the parties are *not* diverse. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of *different* States[.]" (emphasis added)).

Dumond, in short, has failed to invoke our subject-matter jurisdiction.

Even if he had established our jurisdiction, though, we'd still dismiss the Amended Complaint for "fail[ing] to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). We "must dismiss [the] case . . . if the [C]ourt determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii)). To state a viable claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a plaintiff need not set out "detailed factual allegations," a complaint will not suffice if it "tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up).

Under these standards, the Amended Complaint is plainly deficient. In general, "[p]rivate conduct is not actionable under § 1983; rather, to state a claim for relief, the alleged deprivation of a constitutional right must occur 'under color of state law.'" *Shell v. Foulkes*, 362 F. App'x 23, 27 (11th Cir. 2010). In certain circumstances, however, courts will attribute the actions of private individuals to the state. The Eleventh Circuit has identified three tests to help lower courts determine when private

7

conduct should be so attributed—the public-function test, the state-compulsion test, and the nexus/joint-action test. In the court's words:

> The **public function test** is satisfied when private actors perform a function that is traditionally the exclusive prerogative of the state. The **state compulsion test** is met when the government has coerced or at least significantly encouraged the acts alleged to be unconstitutional. The **nexus/joint action test** is met when the state and the private party are in such a position of interdependence that the alleged conduct constitutes a joint action.

*Martinez v. Ashtin Leasing, Inc.*, 417 F. App'x 883, 885 (11th Cir. 2011) (emphasis added).

But these tests don't help Dumond here: Property rental is not a function traditionally within the exclusive purview of the state; Dumond has not suggested that the state prevented the Defendants from paying back his $1,200 deposit; and there is no evidence of any connection between his landlords and the state. *See Clark v. Dalland Props., LP*, 2013 WL 12304826, at *2 (S.D. Fla. Oct. 22, 2013) (applying the three tests and finding no state action in § 1983 case filed by tenant against private landlord).

In *Shell*, a tenant sued his landlord, alleging that the landlord "had wrongfully terminated his lease . . . and then evicted him." 362 F. App'x at 27. On appeal, the Eleventh Circuit held that the tenant failed to state a plausible claim under § 1983, because the "complaint did not allege that the [government] played any role in the termination of [the tenant's] lease or [the tenant's] eviction, much less a pervasive role such that it could be said the State was responsible for [the tenant's] eviction." *Id.* This was so, the Court said, *even though* the tenant in *Shell* was a resident of Section 8 public-subsidized housing. *Id.* Dumond—as a *former* tenant with a *private* landlord—has not alleged even *that* much. Because the Amended Complaint alleges no state action, it states no claim under § 1983.

Accordingly, the Court hereby **ORDERS and ADJUGES** that this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction and for failing to state a claim on which relief can be granted. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida this 14th day of April 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record